IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LIBRACE,
    Plaintiff,

vs.                                            Case No.: 3:19cv393/MCR/EMT

FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The matter is before the court on Plaintiff's amended complaint (ECF No. 7). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it is apparent Plaintiff has failed to state a viable claim for relief against the Defendants. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be

granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I.  BACKGROUND

Plaintiff names two Defendants in the action—Florida Department of Law Enforcement ("FDLE") and the State Attorney's Office for Florida's First Judicial Circuit (ECF No. 7 at 1, 2). It appears the matter stems from Plaintiff's arrest on unspecified charges on October 26, 1998, and subsequent prosecution (ECF No. 7 at 5). Plaintiff alleges he appeared in court in Escambia County on October 26, 1999, and that adjudication of the charges was withheld pursuant to a plea agreement under which Plaintiff was sentenced to two years of probation (*id.*). Plaintiff says that on December 13, 1999, the State Attorney's Office filed an "amended plea and probation stipulation" without providing him notice or an opportunity to be heard (*id.*). Plaintiff's probation terminated on March 28, 2001, however, and the case was closed (*id.*).

Plaintiff complains of alleged "docketing discrepancies"—specifically, that the original order terminating his probation was "removed from file and replaced with another" (*id.*). On March 30, 2001, Plaintiff maintains, the case was reopened (*id.*). Then, on January 25, 2002, according to Plaintiff (verbatim): "[T]he hearing records were filed in regards to the October 26, 1999. In this transcript no mention

of Plaintiff being present for the hearing nor was Plaintiff read charges, agreed to plead, and or addressed by the court in any manner" (*id.*). More than a decade later, Plaintiff apparently received a letter from the FDLE, dated January 13, 2015, which Plaintiff contends "contains multiple errors. First the name in which they responded are [sic] totally incorrect. The filing date and charges are incorrect" (*id.* at 6). It appears Plaintiff requested that the records pertaining to his case be sealed and, "[o]n April 7, 2015, the FDLE filed a response to Plaintiff's request to seal records which was declined" (*id.*).

Plaintiff alleges the State Attorney violated his civil rights "by amending the sentencing, altering the plea agreement, filing altered notices and orders, and having incorrect information in the criminal base creating false and incorrect alias, criminal charges, and plea agreements" (*id.* at 7). "The FDLE reviewed the docket entries court transcript and other correspondence without correcting the error" (*id.*). Plaintiff says he "provided all original documentation . . . at the time of trial and the FDLE failed to recognize, investigate and or review the discrepancies" (*id.*).

As relief, Plaintiff seeks "damages for libel, slander, and denial of civil rights guaranteed by the U.S. Constitution" (*id.*). Plaintiff says he "was able to restore voting but unable to restore his full rights" (*id.*). Plaintiff further requests that the court seal the record and dismiss the charges against him due "to the actions of the State Attorney Office of the First Judicial Circuit" (*id.*). According to Plaintiff,

"[t]hrough manipulation of the court system the State Attorney's Office was able to change a plee which would effect Plaintiff's future" (*id.* at 8) (errors in original).

II. DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

B. Plaintiff's Federal Claims

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff has failed to plead facts sufficient to establish either element of a § 1983 claim. Not only does Plaintiff not specify a constitutional provision or other federal law under which he proceeds, but he names as Defendants

the FDLE and State Attorney's Office, neither of which is a "person" subject to suit under § 1983.

Indeed, both the FDLE and State Attorney's Office are state agencies. *See, e.g., Anterio v. City of High Springs Fla.*, 762 F. App'x 891, 896 (11th Cir. 2019) (recognizing FDLE as a state agency); *Heron v. Rappa*, No. 3:11cv423-J-34TEM, 2012 WL 2589231, at *7 (M.D. Fla. Feb. 6, 2012) (recognizing State Attorney's Office as a state agency). As the Eleventh Circuit has recognized, "state agencies are not subject to suit under section 1983." *Smith v. Deal*, 760 F. App'x 972, 975 (11th Cir. 2019) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989)). "Section 1983 provides a cause of action against any 'person' acting 'under color of state law' who deprives an aggrieved person of rights secured by federal law." *Id.* (*quoting* 42 U.S.C. § 1983). "State agencies are not persons under section 1983." *Id.* (*citing Will*, 491 U.S. at 65). Plaintiff thus has failed to state a viable § 1983 claim against either Defendant.

To the extent Plaintiff intended to sue Bill Eddins, State Attorney for the First Judicial Circuit of Florida (or his predecessor), or any other prosecutor assigned to his case, rather than the State Attorney's Office, such claim likewise fails. State prosecutors are entitled to absolute immunity for any allegedly unconstitutional actions performed within the scope of their roles as government advocates. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (*citing Buckley v. Fitzsimmons*, 509

U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution, appearances before the court, and other in-court activity are classic examples of actions taken by prosecutors in performing their roles as government advocates. *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State"). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted). Because Plaintiff's amended complaint is based on alleged actions that occurred in the course of Plaintiff's prosecution, the state attorney who handled his case is immune from suit.

In addition, to the extent Plaintiff intended to sue Mr. Eddins (or his predecessor) and hold him responsible for the acts of a subordinate, such claim fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks and citation omitted); *see also Polk Cty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere

right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). In *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), the Eleventh Circuit specified the circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim, as follows:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Plaintiff presents no such allegations against Mr. Eddins.

Finally, and perhaps most notably, Plaintiff's claims are barred by the applicable statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d

1260, 1263 (11th Cir. 2014) (*citing Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)).  The Eleventh Circuit has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) (*citing Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).  Plaintiff's complaint is based on matters that occurred between December 13, 1999, and January 13, 2015.  Because Plaintiff initiated this action on February 11, 2019—after the four-year statute of limitations expired—his claims are barred.[1]  *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (noting "a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6)").

    C. Plaintiff's State Claims

Because Plaintiff plainly has failed to assert a viable claim against the Defendants under federal law, the undersigned finds the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims of libel and slander. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged

---

[1] The only act noted in Plaintiff's complaint that appears to have occurred within the four-year statute of limitations period is the FDLE's denial of Plaintiff's request to seal records, of which Plaintiff was informed on or about April 7, 2015.  However, the crux of Plaintiff's claims does not center on the matter of sealing but instead on the multiple erroneous docketing errors and incorrect records relating to the unspecified charges in Escambia County in the late 1990's.  Regardless, the FDLE is not subject to suit under § 1983, as discussed *supra*.

district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

### III.   CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his § 1983 claims. It also is apparent Plaintiff cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's § 1983 claims be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted.

2. That Plaintiff's state law claims for libel and slander be **DISMISSED WITHOUT PREJUDICE.**

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 4th day of November 2019.

>   */s/ Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**